UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CHANNELLE MATTOCKS,                 )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   Civil Action No. 13-0522 (PLF)
                                    )
FAMILY DOLLAR STORES                )
  OF MARYLAND, INC.                 )
                                    )
          Defendant.                )
_____ )

MEMORANDUM OPINION

This matter is before the Court on the defendant's motion to dismiss the action for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] *Pro se* plaintiff Channelle Mattocks originally filed a complaint in the Superior Court of the District of Columbia, claiming that the defendant's termination of her employment gave rise to causes of action for employment discrimination, deceit and/or misrepresentation, and fraud. See Compl. The defendant, Family Dollar Stores of Maryland, Inc., removed the action to this Court based on the existence of diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal.[2] Subsequent to removal, the defendant filed a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Mot. Def. Stmt. The plaintiff then filed a

---

[1] The papers reviewed in connection with this matter include the following: plaintiff's original complaint ("Compl.") [Dkt. No. 6-1]; plaintiff's amended complaint ("Am. Compl.") [Dkt. No. 7]; defendant's notice of removal ("Notice of Removal") [Dkt. No. 1]; defendant's motion for a more definite statement ("Mot. Def. Stmt.") [Dkt. No. 4]; and defendant's motion to dismiss ("MTD") [Dkt. No. 8].

[2] The defendant has also noted that the plaintiff misstates its name as "Family Dollar Stores Family Dollar." MTD at 1.

motion seeking "$300,000 for protected class and breach of contract," which the Court has construed as an amended complaint. See Minute Order, Mattocks v. Family Dollar Stores of Maryland, Inc., Civil Action No. 13-0522 (July 10, 2013) (stating that the plaintiff's *pro se* motion "shall be construed as an Amended Complaint"). Subsequently, the defendant filed its motion to dismiss this action. See MTD.[3]

On July 10, 2013, the Court notified the *pro se* plaintiff of her obligation, under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, to respond to the defendant's motion to dismiss. See Order, Mattocks v. Family Dollar Stores of Maryland, Inc., Civil Action No. 13-0522 (July 10, 2013) [Dkt. No. 9] (citing Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988), and Local Civil Rule 7(b)). The Court specifically directed the plaintiff to file her opposition to the motion by August 16, 2013. Id. at 2. To date, Ms. Mattocks has failed to file anything further with the Court. Accordingly, the Court may treat Family Dollar's motion as conceded. See LOC. CIV. RULE 7(b); see also Fox v. American Airlines, Inc., 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (finding that district court did not abuse its discretion in granting motion to dismiss on the basis that plaintiffs' failure to timely respond was a concession of the motion's validity under Local Civil Rule 7(b)).

Notwithstanding the plaintiff's failure to oppose the defendant's motion to dismiss, the Court has considered the motion's substance and concludes that dismissal should be granted on the merits.

---

[3] Because Family Dollar's motion to dismiss lacks page numbers, the Court will refer to the pagination established by the ECF system.

I. BACKGROUND

In her Amended Complaint, Ms. Mattocks presents the following narrative. In late December 2012, she applied for a job to become a cashier with the Family Dollar chain of retail stores. See Am. Compl. at 2. Ms. Mattocks was called in for an interview shortly after submitting her application and was hired on the spot. Id. A few days later, she was called in to another Family Dollar location to meet with a different hiring manager, who conducted a second interview and then provided her with paperwork related to becoming a new employee. Id. Shortly thereafter, the plaintiff reported for her first day of work at a third Family Dollar location. Id.[4] Although the timeline becomes murky after that point, it appears that Ms. Mattocks was quickly terminated from the position as soon as Family Dollar received and reviewed her background check report. See Am. Compl. at 3. Ms. Mattocks states that two weeks after her termination, she received a copy of the report, which stated that she could be hired "[at] the discretion of the employer." Id.

Ms. Mattocks's grievance appears centered on her allegation that "at no . . . time did any hiring manager or General Manager inquire about [her] background check," despite her having visited three different Family Dollar locations during the hiring process. See Am. Compl. at 3. Had Family Dollar so inquired, Ms. Mattocks maintains, she would have presented it with documentation showing her eligibility for a federal program that provides insurance to employers of at-risk job seekers, as an incentive to encourage employers to hire them. See id.; see also MTD at 4 & n.8 (noting the existence of the U.S. Department of Labor's Federal Bonding Program, to which Ms. Mattocks seems to refer in her Amended Complaint).

---

[4] Family Dollar asks the Court to take judicial notice of the fact that all three of these store locations are in the State of Maryland, MTD at 3-4 & nn.2, 4 & 7, and the Court will do so.

The plaintiff's original complaint filed in Superior Court consisted of only a short paragraph, in which she claimed to be pursuing claims for employment discrimination, deceit and/or misrepresentation, and fraud. See Compl.[5] In her Amended Complaint, however, she makes claims for "protected class" and breach of contract. Am. Compl. at 1. Family Dollar, in its motion to dismiss, construes the term "protected class" to reiterate the plaintiff's employment discrimination claim. In an abundance of caution, the defendant also addresses the plaintiff's claims for misrepresentation and fraud, despite their omission from the Amended Complaint. MTD at 2.

## II. DISCUSSION

As Family Dollar notes, Ms. Mattocks is not explicit as to the legal bases for her claims. The Court, however, is mindful that the plaintiff is proceeding *pro se*, and therefore her complaint is to be "held to a less stringent standard than complaints drafted by attorneys." Dorsey v. American Express Co., 499 F. Supp. 2d 1, 3 (D.D.C. 2007) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). With that said, "[a] *pro se* complaint, like any other, must state a claim upon which relief can be granted." Id. (quoting Henthorn v. Dept. of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly,

---

[5] The Court notes that Ms. Mattocks's specific claims in her original complaint appear to mimic the language provided by the Superior Court's Information Sheet, which asks plaintiffs to categorize their claims by type. See Compl.

4

550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, the facts alleged must be "enough to raise a right to relief above the speculative level." Id. The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." In re Interbank Funding Corp. Sec. Litig., 629 F.3d 213, 218 (D.C. Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. at 678).

In considering a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 508, 508 n.1 (2002)). The complaint is construed liberally in the plaintiff's favor, and the Court gives the plaintiff "the benefit of all inferences that can be derived from the facts alleged." Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotations omitted). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions. Id. (citing Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

Ms. Mattocks first claims that she suffered unlawful employment discrimination. The only allegedly protected class in which she claims membership, however, is that group of persons eligible for the Department of Labor's Federal Bonding Program. See Am. Compl. at 3. Title VII of the Civil Rights Act of 1964 protects people from discrimination on the bases of race, color, religion, sex, or national origin, not the characteristic of being insured by the Federal

5

Bonding Program.  See 42 U.S.C. § 2000e-2(a).  It is not inconceivable, of course, that a plaintiff in some circumstances could state a viable Title VII claim based on termination from employment due to her having a criminal record.  See, e.g., El v. Southeastern Pa. Transp. Auth. (SEPTA), 479 F.3d 232 (3d Cir. 2007) (addressing claim that SEPTA's policy of not employing persons with certain criminal histories caused a disparate impact on minority applicants, in violation of Title VII).  But Ms. Mattocks's complaint alleges no facts to that effect.  Nor does Ms. Mattocks allege discrimination on the basis of disability or age, and therefore she cannot state claims under either the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., or the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.  Likewise, Ms. Mattocks's allegations fail to state a viable claim under Maryland's Fair Employment Practices Act, which makes it unlawful for an employer to unreasonably "fail or refuse to hire, discharge, or otherwise discriminate against any individual . . . because of . . . the individual's race, color, religion, sex, age, national origin, marital status, sexual orientation, genetic information, or disability."  See MD. CODE ANN., STATE GOV'T § 20-606(a)(1)(i) (West 2013).

The plaintiff's second claim is for breach of contract.  But as Family Dollar argues, she has not described the terms of her employment contract that the defendant allegedly breached.  See MTD at 9.  In her complaint, Ms. Mattocks merely states that she was hired to work as a cashier and was subsequently terminated.  Ms. Mattocks's relationship with Family Dollar thus appears to have been a standard at-will employment arrangement, and, under Maryland law, "an employment contract of indefinite duration . . . can be legally terminated at the pleasure of either party at any time."  Parks v. Alpharma, Inc., 25 A.3d 200, 208 (Md. 2011) (quoting Adler v. American Standard Corp., 432 A.2d 464, 467 (Md. 1981)).  To the extent that Ms. Mattocks is alleging that she was wrongfully discharged, such a claim will lie only where an

employee's termination "contravene[s] some 'declared mandate of public policy.'" Id. at 209 (quoting Adler v. American Standard Corp., 432 A.2d at 472). The Court is unaware of any relevant authority holding that an employer's termination of an employee based on its unfavorable evaluation of her background check report contravenes established public policy.

Finally, the Court considers Ms. Mattocks's claims for deceit, misrepresentation, and fraud, even though they do not appear in her Amended Complaint. To state a claim for either deceit or fraud, a plaintiff must allege that "(1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation." Exxon Mobil Corp. v. Albright, 71 A.3d 30, 49 (Md. 2013) (quoting Hoffman v. Stamper, 867 A.2d 276, 292 (Md. 2005)).[6] To state a negligent misrepresentation claim requires allegations that "(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement; (2) the defendant intends that his statement will be acted upon by the plaintiff; (3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury; (4) the plaintiff, justifiably, takes action in reliance on the statement; and (5) the plaintiff suffers damage proximately caused by the defendant's negligence." Lloyd v. General Motors Corp., 916 A.2d 257, 273 (Md. 2007) (quoting Martens Chevrolet, Inc. v. Seney, 439 A.2d 534, 539 (Md. 1982)).

It appears that Ms. Mattocks feels that Family Dollar should have informed her that a background check would be performed, and that, if it had done so, she might have been

---

[6] The torts of deceit and fraud are identical under Maryland law. See Moscarillo v. Professional Risk Mgmt. Servs., Inc., 921 A.2d 245, 253-54 (Md. 2007); see also Appel v. Hupfield, 84 A.2d 94, 96-96 (Md. 1951).

7

able to counter the negative effect of her personal history by explaining her eligibility for Federal Bonding Program insurance. See Am. Compl. at 2-3. But these allegations simply do not amount to plausible claims for deceit, fraud, or negligent misrepresentation. Nor do they state a claim for a more apposite tort, fraudulent concealment, the elements of which are that "(1) the defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment." Lloyd v. General Motors Corp., 916 A.2d at 274 (quoting Green v. H & R Block, 735 A.2d 1039, 1059 (Md. 1999)). To take the third element of this tort as an example, Ms. Mattocks has made no allegations from which a reasonable inference of intent to deceive on the part of Family Dollar could be discerned. Indeed, Ms. Mattocks's complaint would fail to state even a standard negligence claim, as she has not alleged that Family Dollar owed any duty to inform her of the performance of a background check. See id. at 270-71 (reciting the familiar four elements of a negligence claim). In sum, Ms. Mattocks has failed to allege facts supporting anything close to plausible claims for deceit or fraud, misrepresentation, fraudulent concealment, or even common negligence.

For the foregoing reasons, the Court will dismiss this action. A separate Order accompanies this Memorandum Opinion.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: October 10, 2013